## SUPERIOR COURT OF BALTIMORE CITY.

Filed December 18, 1902.

---

### CITIZENS' TRUST AND DEPOSIT COMPANY
### VS.
### JOHN A. TOMPKINS.

---

*T. Wallis Blakistone* and *Fielder C. Slingluff* for plaintiff.

*Fisher, Bruce & Fisher* and *Bernard Carter* for defendant.

DENNIS, J. (Orally)—

In the above case there are two special counts in the nar, the seventh and eighth, to both of which demurrers have been filed.

The seventh count alleges that the Citizens' Trust Co., under the mortgage to it to secure the bonds of the United Breweries, had the right to name a receiver in the Brenering case:

that it named the defendant, who was its president and in receipt of a salary of $10,000, as such receiver; and that he was duly appointed and received large compensation as such receiver, which he failed to turn over to the plaintiff, although demanded of him. It proceeds upon the theory of an implied legal obligation upon him to turn over to the plaintiff, by reason simply of the fact of his being its president, his compensation allowed him by the court for his services as receiver, although his appointment as receiver was purely personal, and of him as an individual, and in no sense as president of the plaintiff.

It is sufficient to say in reference to this count that there is nothing whatever in the character of the plaintiff which imposes upon its president any such obligation, nor anything from which it can be implied; nor do I know any principle of law, outside of the Charter, which can be invoked to sustain the contention.

The eighth count proceeds upon a different theory. After reciting the relations of the parties, as above set forth in what has been said in connection with the seventh count, it alleges that the defendant made an express agreement with the plaintiff, under which he was to accept the receivership, and to act in the interest of the plaintiff, and to pay over to it whatever compensation he might receive as receiver in consideration of his being president of the company and his receiving a salary of $10,000, as such president. It is enough to say in regard to this eighth count that such a contract as it sets up would be wholly void as opposed to public policy. A receiver is the hand of the court; he is not allowed to act specially for any one interest, but for the best interests of all; he is allowed compensation by the court out of the whole fund upon that theory; and any suggestion that he had agreed to act in any one interest, or to rely for his compensation upon that interest, or to turn over to any one interest the compensation he was to be allowed by the court, would be sufficient to have his nomination promptly rejected—or, if knowledge of any of these facts came to the court after his appointment, to secure his equally prompt dismissal.

I shall, therefore, sustain the demurrers to both counts.